# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

     v.                                                **Case No. 05-CR-90**

**WILLIAM STAPLES also know as**
**ROBIN BOOKER,**

          **Defendant.**

# DECISION AND ORDER

This matter is before the Court on the pro se motion of defendant William Staples ("Staples")[1] to suspend "fines and restitution" temporarily pursuant to 18 U.S.C. § 3572 until he is transferred to a halfway house or released from prison. On January 18, 2007, this Court issued an order construing Staples's motion as being brought under 18 U.S.C. § 3664(k), which relates to restitution, and directed that the government and the Probation Office file responses. They filed responses opposing the motion. With its response, the government has submitted the affidavit of Kelly B. Watzka with attached copies of United States Department of Justice Federal Bureau of Prisons Program Statement P5380.08 (Ex. A) setting forth the rules for the Inmate Financial Responsibility Program ("IFRP"), and an email (Ex. B) from Francisco E. Rios ("Rios"), Staples's treating physician.

---

[1] Staples currently has a *pro se* appeal from his conviction pending before the Court of Appeals for the Seventh Circuit. *See Staples v. United States*, 05-4037 (7th Cir.)

The Probation Office also provided the Court with a copy of information dated July 11, 2006, provided by Warden Stephen M. Dewalt of the Federal Medical Center ("FMC") in Lexington, Kentucky explaining how Program Statement 5380.07 was applied to Staples's situation to calculate his monthly payments.

On March 22, 2005, a federal grand jury in this District returned a six-count indictment against Staples. On May 23, 2005, Staples entered into a plea agreement. On March 31, 2005, before this Court, Staples entered a guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343 (Count One) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(g) (Count Five) of the indictment.

On October 6, 2005, this Court conducted a sentencing hearing and waived the fine, ordered that Staples pay $86,897.10 in restitution, but waived the interest on the restitution, and imposed a $200.00 special assessment. The Court's October 6, 2005, judgment states "If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances." (J 1.)

Staples indicates that he is confined at the Federal Medical Center in Lexington, Kentucky and is medically unassigned indicating that he is not able to work or hold an institutional job. Staples avers that he has been and will remain medically unassigned until December 18, 2007. (Staples Aff. ¶ 11). Staples requests that the Court issue an order suspending the payment of his fines or issue an order restraining the Federal Medical Center from requiring that he pay any more than $25.00 quarterly.

Section 3664(k) provides only for adjustment of payment schedules; not suspension. Moreover, having reviewed the parties' submissions, the Court concludes that Staples has not established a basis for an adjustment of his restitution payment schedule because he has not presented a "material change in his economic circumstances." See 18 U.S.C. § 3664(k).

Staples's physician indicates that Staples has degenerative joint disease of the hip and as of the time of Rios's January 19, 2007, email, Staples was scheduled to undergo a total hip replacement. However, Rios also indicates that once Staples completes physical therapy he should be able to work at least light duty work for half days. (Watzka Aff. Ex. B).

Additionally, Warden Dewalt's correspondence explains the method used to calculate Staples's $182 monthly IFRP payment. According to standard procedures, that amount is calculated with reference to the total amount of deposits made to an inmate's trust fund for the previous six months minus the IFRP payments made by the inmate during the preceding six months and minus $450 for the previous six months for the inmate telephone system ("ITS"). Any remaining sum is divided by six and, may be considered for IFRP, and used to adjust an inmate's payment.

In the six months prior to July 2006, deposits totaling $1,545 were made to Staples's trust account. From that amount, Staples's $50 IFRP payment for the previous six-months and $450 for the ITS were subtracted, leaving $1,095 for consideration towards Staples's IFRP payment. That amount divided by six, left $182.50 for consideration by the Staples's unit team which determined that he should pay $182 per month. Such a result is

3

consistent with the procedure described by the Warden and Rule 5(b) and the related implementing procedures described in United States Department of Justice Federal Bureau of Prisons Program Statement P5380.08. While Staples believes that he could not pay the $182.00 IFRP payment, he has not established a material change in his economic circumstances as required for relief under 18 U.S.C. § 3664(k). Furthermore, Staples's self-serving view of his ability to work following his surgery is not supported by that of his treating physician. Therefore, Staples's motion for relief pursuant to 18 U.S.C. § 3664(k), is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Staples's motion to suspend restitution and fines(Docket No. 45), construed as a motion for relief pursuant to 18 U.S.C. § 3664(k), is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of April, 2007.

**BY THE COURT**

s/ Rudolph T. Randa

_____
**Hon. Rudolph T. Randa
Chief Judge**