# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

    **-vs-**                         **Case No. 05-Cr-90**

**WILLIAM STAPLES,**

        Defendant-Movant.

---

# DECISION AND ORDER

---

Pro se Defendant Movant William Staples filed a motion labeled as a "motion under 18 U.S.C. § 3582(c)(A)(i)" (ECF No. 85). He requests resentencing or immediate release based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(ii), is unconstitutionally vague.

Despite its titling, Staples' motion is actually a motion for § 2255 relief. It is also his fourth successive § 2255 motion. Moreover, Staples asked the Seventh Circuit Court of Appeals for permission to file a successive petition raising the issue; the request was denied because Staples' sentencing enhancement did not rely on the residual clause of the ACCA and, thus, is legal even after *Johnson*. *See William Staples v. United States of America,* No. 15-2748 (7th Cir. Aug. 25, 2015). The

appeals court also noted that Staples had not paid the $500 fine it had imposed in *William Staples v. United States of America*, No. 15-1596 (Mar. 25, 2015),[1] and, thus, remains subject to the filing bar.

There are indications that the title of Staples' motion is a subterfuge. Regardless, because Staples may not file any collateral attacks until his fine is paid, Staples' May 25, 2016, successive § 2255 motion will not be filed as a civil action. Additionally, Staples' sentence is legal even after *Johnson*. Based on the foregoing, Staples' motion (ECF No. 85) is frivolous and, therefore, is **DISMISSED**. A courtesy copy of this order is being mailed to the Court of Appeals for the Seventh Circuit.

**SO ORDERED** at Milwaukee, Wisconsin, this __**9th**__ day of June, 2016.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

[1] *Staples*, No.15-1596, denied Staples' third request for authorization to file a successive motion to vacate his conviction, imposed the $500 fine, and required that any papers attacking Staples' current criminal judgment, including future collateral attacks, to be returned unfiled.

- 2 -